IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD KILEY, | ) | CASE NO. 1:13 CV 2666 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -3-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -4-
    A.    Underlying facts, trial, and original sentence . . . . . . . . . . . . . . . . . . . . .   -4-
    B.    Direct appeal, first remand, related appeal, post-conviction proceedings and
        appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -5-
        1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -5-
        2.    Post-conviction petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -6-
        3.    Resentence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -6-
        4.    Direct appeal from resentencing and denial of post-conviction petition
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -6-
        5.    Proceedings on second remand . . . . . . . . . . . . . . . . . . . . . . . . . . .   -8-
        6.    Appeal from the denial of post-conviction relief . . . . . . . . . . . . .   -9-
    C.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -13-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -13-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -14-
        1.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -14-
        2.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -16-
    C.    Application of standards – procedurally defaulted claims . . . . . . . . .   -19-
        1.    Nine of the ten sub-claims of ground one alleging ineffective assistance
            of trial counsel, all of ground three alleging prosecutorial misconduct,
            all of ground four, alleging conviction against manifest weight of the
            evidence, and all of ground five, asserting trial court error in not
            permitting  the  amendment  of  the  post-conviction  petition,  are
            procedurally defaulted and should be dismissed. . . . . . . . . . . . .   -19-

        a.      Ground one . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

                i.      Failure to object to (a) hearsay testimony and (b) leading questions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

                ii.     Failing to request an instruction to the jury regarding Kiley's absences . . . . . . . . . . . . . . . . . . . . . . . . . -21-

                iii.    Waiving Kiley's presence during substantive communications with the jury . . . . . . . . . . . . . . . -21-

                iv.    Failing to explain Kiley's absence to the trial court, failing to attempt to find Kiley, and failing to object to further case proceedings without Kiley's presence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

                v.     Waiving Kiley's presence during the jury's questions to the court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

                vi.    Failure to properly investigate the facts of the case, call all witnesses, and object to juror misconduct . . . . -22-

                vii.   All other sub-claims . . . . . . . . . . . . . . . . . . . . . . . -23-

        b.      Ground three . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

        c.      Ground four . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

    D.      Application of standards – AEDPA review . . . . . . . . . . . . . . . . . . . . . . . -26-

        1.      The portion of ground one alleging ineffective assistance of trial counsel as to a failure to object to hearsay and to leading questions should be denied on the merits because the state court decision on this claim was not an unreasonable application of the clearly established federal law of *Strickland v. Washington*. . . . . . . . . . . . . . . . . . . . -26-

        2.      Ground two – alleging prejudice from Kiley's absence for part of the trial – should be denied because the Ohio court's decision in this regard was not an unreasonable application of clearly established federal law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-

## Introduction

Before me by referral[1] is the *pro se* petition of Thomas E. Kiley for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Kiley is currently subject to a term of five years of post-release control by the State of Ohio, after being released from prison on December 6, 2013, at the conclusion of his five-year term of imprisonment.[3] He was convicted in December, 2008, at a jury trial in the Lorain County Court of Common Pleas on charges of domestic violence, kidnapping with a sexual motivation and rape, and was originally sentenced in January, 2009, to a five-year period of incarceration to be followed by five years of post-release control.[4]

In his petition Kiley raises five grounds for relief.[5] The State, in its return of the writ, maintains that the petition should be dismissed in part for claims that are non-cognizable and procedurally defaulted, and denied in part after reviewing the remaining claims under AEDPA review.[6]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Patricia A. Gaughan in a non-document order entered January 13, 2014.

[2] ECF # 1.

[3] http://www.drc.ohio.gov/OffenderSearch.

[4] ECF # 1 at 1. Kiley was later re-sentenced on December 23, 2009, to the exact same sentence after the case had been remanded to allow the trial court to consider a petition for post-conviction relief. ECF # 8 (state court record) at 820.

[5] ECF # 1 at 4-8.

[6] ECF # 7.

For the reasons that follow, I will recommend that the petition be dismissed in part and denied in part.

## Facts

### A.    Underlying facts, trial, and original sentence

The underlying facts noted below were found by the Ohio appeals court on its review of the record and are presumed correct.[7]

> {¶ 1} Thomas Kiley met his wife, Y.P. through a Florida escort service. After a brief courtship, the couple married and Y.P. moved to Ohio. Because of her employment history, Mr. Kiley was suspicious of Y.P.'s communications, monitoring her telephone and online activities. When he found a racy photograph of Y.P. with a previous boyfriend, Mr. Kiley became angry and assaulted her. He also threw her telephone in a lake. After settling down, Mr. Kiley planned a vacation for the two of them for the following day to try to work out their issues. They missed their flight, however, and returned home. When they got home, Mr. Kiley began rifling through Y.P.'s possessions, looking for evidence that she had been unfaithful to him. He also demanded her car keys. When Y.P. refused to give him her spare keys, Mr. Kiley told her that, if she did not give them to him, he would have anal sex with her. When Y.P. still refused, Mr. Kiley followed through on his threat. He pinned Y.P. down on their bed, ripped off her pants, and attempted to have anal sex with her. Despite using lubricant and wrapping a cord around Y.P.'s ankles to restrain her legs, he was unable to accomplish his goal. Later, while Mr. Kiley slept, Y.P. slipped out of his hold and ran barefoot through the snow to the house next door, where she dialed 911. Soon after Y.P. left, Mr. Kiley realized that she was gone and pursued her. When he saw that she was on the phone, however, he returned home, grabbed a few things, and drove away in his van. The Grand Jury indicted Mr. Kiley for kidnapping, rape, and tampering with evidence. A jury convicted him of kidnapping and rape, and the trial court sentenced him to five years in prison.[8]

---

[7] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[8] ECF # 8-1, at 1.

**B.    Direct appeal, first remand, related appeal, post-conviction proceedings and appeal.**

*1.    Ohio court of appeals*

On February 11, 2009, Kiley, through his defense counsel at trial, timely filed[9] notice of appeal from his conviction and sentence.[10] Then, through new counsel, Kiley raised the following four assignments of error in his brief:

1.    Appellant was denied the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and Article I, Section 10, of the Ohio Constitution.

2.    The Appellant's Fifth and Sixth Amendment right to be present at trial and to confrontation and his Fourteenth right to due process was denied when he was not present before the jury when the Court answered a jury question.

3.     The Prosecutor's remarks during voir dire and closing argument denied Thomas Kiley his right to a fair trial in violation of his Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution and Article I, Section X, of the Ohio Constitution.

4.    The guilty verdicts on the offenses of rape and kidnapping were against the manifest weight of the evidence.[11]

The State filed a brief in response, and then, on November 13, 2009, the Ohio appeals court sua sponte dismissed the matter, with costs assessed to the State, vacating the sentence

---

[9] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[10] ECF # 8-9, at 664.

[11] ECF # 8-11, at 669.

and remanding the matter to the trial court for purposes of holding a sentencing hearing wherein Kiley could be properly notified of conditions of post-release control.[12]

### 2.    *Post-conviction petition*

While awaiting re-sentencing, Kiley, through counsel, filed a petition for post-conviction relief in the trial court that essentially restated the claims for relief advanced in the original brief to the appeals court.[13] After the State responded in opposition,[14] the trial court on December 23, 2009, dismissed the petition because the appeals court had vacated the conviction at issue, leaving no basis for obtaining post-conviction relief.[15]

### 3.    *Resentence*

On the same day as it denied the petition for post-conviction relief, the trial court re-imposed in all respects the sentence that was originally imposed on January 14, 2009.[16]

### 4.    *Direct appeal from resentencing and denial of post-conviction petition*

On January 19, 2010, Kiley, through his appellate attorney, timely filed a notice of appeal from both the denial of post-conviction relief and the resentencing.[17] In his brief in support, Kiley raised the following five assignments of error:

---

[12] ECF # 8-13, at 789.

[13] ECF # 8-14, at 792.

[14] ECF # 8-15, at 815.

[15] ECF # 8-16, at 819.

[16] ECF # 8-17, at 820.

[17] ECF # 8-18, at 826.

1.      Appellant was denied the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and Article I, Section 10, of the Ohio Constitution.

2.      The appellant's Fifth and Sixth Amendment right to be present at trial and to confrontation and his Fourteenth right to due process was denied when he was not present before the jury when the Court answered a jury question.

3.      The Prosecutor's remarks during voir dire and closing arguments denied Thomas Kiley his right to a fair trial in violation of his Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution and Article I, Section X, of the Ohio Constitution.

4.      The guilty verdicts on the offenses of rape and kidnapping were against the manifest weight of the evidence.

5.      The Trial Court erred in dismissing the Appellant's Post-Conviction Relief Petition at the resentencing hearing on December 23, 2009.[18]

The State filed a brief in response,[19] and on March 16, 2011, the Ohio appeals court affirmed the conviction, but remanded the case to permit the trial court to consider the post-conviction petition.[20]

On April 28, 2011, Kiley, through his existing appellate attorney and an additional new co-counsel, filed a timely notice of appeal with the Supreme Court of Ohio.[21] In the

---

[18] ECF # 8-21, at 845.

[19] ECF # 8-22, at 901.

[20] ECF # 8-23, at 936. As noted above, the trial court had originally declined to consider the post-conviction petition on the grounds that there was no valid conviction in the case.

[21] ECF # 8-25, at 953.

jurisdictional memorandum filed the same day, Kiley raised the following two propositions of law:

1. "CRIMINAL DEFENDANTS ARE GUARANTEED THE RIGHT TO BE PRESENT AT ALL CRITICAL STAGES OF TRIAL PROCEEDINGS AND THE FAILURE TO DO SO IS A VIOLATION OF A DEFENDANT'S FIFTH AND SIXTH AMENDMENT RIGHT TO BE PRESENT AT TRIAL, TO CONFRONTATION AND HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS."

2. "CRIMINAL DEFENDANTS ARE GUARANTEED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION AND A CONVICTION LACKING THE EFFECTIVE ASSISTANCE OF COUNSEL CANNOT STAND."[22]

The State filed a brief opposing jurisdiction,[23] and then on August 24, 2011, the Ohio Supreme Court denied Kiley leave to appeal, dismissing the matter as not involving a substantial constitutional question.[24]

## 5.    *Proceedings on second remand*

After being remanded so that the trial court could address the merits of the post-conviction petition,[25] Kiley filed number of motions with the trial court for various

---

[22] ECF # 8-26, at 956.

[23] ECF # 8-27, at 990.

[24] ECF # 8-28, at 1010.

[25] I note that this remand would have tolled the running of the federal habeas limitations period.

forms of relief.[26] The motions were all denied.[27] On June 8, 2012, the trial court denied the post-conviction petition on the merits, finding that all the post-conviction claims were barred by *res judicata*.[28]

**6.      *Appeal from the denial of post-conviction relief***

On Monday, July 9, 2012, Kiley timely filed his appeal from the trial court's decision denying him post-conviction relief.[29] In his appellant's brief, Kiley, *pro se*, presented the following three assignments of error:

> ASSIGNMENT OF ERROR I: THE TRIAL COURT ABUSED IT'S DISCRETION BY DENYING MR. KILEY'S PETITION FOR POST CONVICTION RELIEF BASED ON JUROR MISCONDUCT OF TALKING ON THEIR CELL PHONES ABOUT THE CASE AND AMONGST THEMSELVES DURING TRIAL IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS[.]
>
> ASSIGNMENT OF ERROR II: THE TRIAL COURT ABUSED IT'S DISCRETION BY DENYING MR. KILEY'S PETITION FOR POST CONVICTION RELIEF THAT CONFIRMED HE WAS CONVICTED WITH THE USE OF PERJURED TESTIMONY IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS[.]
>
> ASSIGNMENT OF ERROR III: THE TRIAL COURT ABUSED IT'S DISCRETION BY DENYING MR. KILEY'S PETITION FOR POST CONVICTION RELIEF BASED ON INEFFECTIVE ASSISTANCE OF

---

[26] ECF # 8-29, at 1011; ECF # 8-31, at 1018; ECF # 8-33, at 1033.

[27] ECF # 8-30, at 1017; ECF # 8-32, at 1032.

[28] ECF # 8-34, at 1068.

[29] ECF # 8-36, at 1098. In note that the 30-day period to appeal from the trial court's decision would have ended on Sunday, so the filing this appeal on the next business day – Monday – conforms to the timeliness requirement.

COUNSEL, IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS[.][30]

The State filed a brief in response,[31] to which Kiley replied.[32] Then, on February 25, 2013, the Ohio appeals court affirmed the judgment of the trial court.[33] Kiley's timely *pro se* motion for reconsideration[34] was denied on April 26, 2013.[35]

On June 5, 2013, Kiley, *pro se*, timely filed a notice of appeal from the denial of his motion to reconsider the denial of his post-conviction petition.[36] In his jurisdictional memorandum, Kiley repeated as propositions of law the same three arguments he had advanced to the appeals court as assignments of error.[37] After the State filed its opposition to jurisdiction,[38] the Ohio Supreme Court declined jurisdiction on September 25, 2013.[39] The record does not show that there were any further proceedings subsequent to this ruling.[40]

---

[30] ECF # 8-38, at 1104.

[31] ECF # 8-39, at 1127.

[32] ECF # 8-40, at 1144.

[33] ECF # 8-41, at 1156.

[34] ECF # 8-42, at 1164.

[35] ECF # 8-36, at 1098.

[36] ECF # 8-44, at 1174.

[37] ECF # 8-45, at 1176.

[38] ECF # 8-46, at 1203.

[39] ECF # 8-47, at 1219.

[40] *See*, ECF # 7 at 13.

### C.    Federal habeas petition

On November 17, 2013[41] Kiley, *pro se*, timely filed the present petition for federal

habeas relief.[42] In his petition, Kiley raises the following five grounds for relief:

> GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL. TRIAL
> COUNSEL WAS INEFFECTIVE VIOLATING THE BASIC TENETS OF
> THE ATTORNEY-CLIENT RELATIONSHIP RESULTING IN A TRIAL
> RIFE WITH ERRORS ON THE PART OF THE COURT AND
> PROSECUTOR, NOT OBJECTED TO BY COUNSEL, THE CUMULATIVE
> AFFECTS [sic] OF WHICH AFFECTED THE OUTCOME OF
> DEFENDANT'S TRIAL THEREBY VIOLATING DEFENDANT'S
> CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF
> COUNSEL AS GUARANTEED BY THE FIFTH AND SIXTH
> AMENDMENTS TO THE UNITED STATES CONSTITUTION.[43]
>
> GROUND TWO: DEFENDANT NOT PRESENT DURING TRIAL. TRIAL
> COURT ERRED AND VIOLATED DEFENDANT'S RIGHTS TO
> CONFRONT WITNESSES AND BE PRESENT AT ALL PHASES OF
> DEFENDANT'S JURY TRIAL BY CONDUCTING PROCEEDINGS
> OUTSIDE OF DEFENDANT'S PRESENCE IN VIOLATION OF THE
> CONSTITUTIONAL GUARANTEES UNDER THE FIFTH, SIXTH, AND
> FOURTEENTH AMENDMENTS TO THE UNITED STATES
> CONSTITUTION.[44]

---

[41] ECF # 1 at 12. This is the date Kiley affirmed that he signed this petition and placed it into the prison mail system. As such, it is the date the petition is deemed filed. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[42] ECF # 1. The State notes that this was approximately two weeks prior to Kiley's release from prison on December 6, 2013. Although, as noted, Kiley was released into a five-year period of post-release control, the petition was filed while he was still in prison pursuant to the conviction he challenges here. Thus, Kiley was plainly "in custody" as that term is defined in the habeas statute at the time the petition was filed, giving this Court jurisdiction over the petition.

[43] ECF # 1 at 4.

[44] *Id.* at 5.

GROUND THREE: PROSECUTORIAL MISCONDUCT. THE PROSECUTOR MADE IMPROPER REMARKS DURING VOIR DIRE AND IN CLOSING ARGUMENTS DEPRIVING PETITIONER OF HIS RIGHT TO A FAIR TRIAL. THE PROSECUTOR MISREPRESENTED TO THE JURY THE DEFINITION OF REASONABLE DOUBT DISREGARDING THE NECESSARY REFERENCE AS TO THE VERACITY OF THE EVIDENCE, TESTIMONY, AND CRIMINAL CHARGES THEREBY VIOLATING PETITIONER'S RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.[45]

GROUND FOUR: MANIFEST WEIGHT. CONVICTION AGAINST MANIFEST WEIGHT OF EVIDENCE.[46]

GROUND FIVE: POST-CONVICTION RELIEF. PETITIONER'S POST-CONVICTION RELIEF PETITION WAS SUMMARILY DISMISSED BY THE TRIAL JUDGE WITHOUT THE INCLUSION OF THE STATUTORILY REQUIRED FINDINGS OF FACTS AND CONCLUSIONS OF LAW THUS DENYING PETITIONER RELIEF FROM MANIFEST CONSTITUTIONAL TRIAL VIOLATIONS DESPITE EVIDENCE SUBMITTED WITH THE PETITION PROVING THERE WAS JURY MISCONDUCT THEREBY VIOLATING PETITIONER'S RIGHTS TO A FAIR AND IMPARTIAL TRIAL AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.[47]

As noted above, the State argues that the petition should be dismissed in part as to

claims that are non-cognizable and procedurally defaulted, and that the remaining claims

should be denied on the merits because the Ohio court's adjudication of these claims was not

---

[45] *Id.* at 6.

[46] *Id.* at 7.

[47] *Id.* at 8.

an unreasonable application of clearly established federal law.[48] As also noted, Kiley has not

filed a traverse.

# Analysis

## A.     Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.     There is no dispute that Kiley is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Kiley meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[49]

2.     There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[50]

3.     In addition, Kiley states,[51] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[52]

4.     Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[53]

---

[48] ECF # 7.

[49] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[50] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[51] ECF # 1 at 10.

[52] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[53] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.      Finally, Kiley is not represented by counsel, he has not requested the appointment of counsel,[54] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[55]

## B.    Standards of review

### 1.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[56]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)      Does a state procedural rule exist that applies to the petitioner's claim?

(2)      Did the petitioner fail to comply with that rule?

(3)      Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)      Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[57]

---

[54] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[55] 28 U.S.C. § 2254(e)(2).

[56] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[57] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[58]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[59] In addition, a showing of actual innocence may also excuse a procedural default.[60]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[61] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[62] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[63]

_____

[58] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[59] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[60] *Id.*

[61] *Id.* at 753.

[62] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[63] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-15-

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[64] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[65]

### 2.     AEDPA review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[66]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[67] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

---

[64] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[65] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[66] 28 U.S.C. § 2254(d).

[67] *Williams v. Taylor*, 529 U.S. 362 (2000).

-16-

differently than this Court has on a set of materially indistinguishable facts."[68] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[69]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[70] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[71]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[72] and "highly deferential" to the decision of the state court.[73] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[74] Or, stated differently, a writ will issue only upon a showing that the state court's

---

[68] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[69] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[70] *Williams*, 529 U.S. at 411.

[71] *Id.* at 409.

[72] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[73] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[74] *Richter*, 131 S. Ct. at 786.

-17-

ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[75]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[76]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[77] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[78] In such circumstances, the federal habeas court must give deference to the decision of the state court.[79]

---

[75] *Id.* at 786-87.

[76] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[77] *Richter*, 131 S. Ct. at 784-85.

[78] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[79] *Brown*, 656 F.3d at 329.

**C.    Application of standards – procedurally defaulted claims**

*1.    Nine of the ten sub-claims of ground one alleging ineffective assistance of trial counsel, all of ground three alleging prosecutorial misconduct, all of ground four, alleging conviction against manifest weight of the evidence, and all of ground five, asserting trial court error in not permitting the amendment of the post-conviction petition, are procedurally defaulted and should be dismissed.*

*a.    Ground one*

In ground one, Kiley alleges five instances of purportedly ineffective assistance by his trial counsel. Although framed in the supporting facts as three sub-claims, a careful reading of the sub-claims reveals ten distinct arguments:

1.    Failed to object to a) hearsay testimony by prosecution witness and b) leading questions offered by the prosecution;

2.    Waiving Kiley's presence during substantive communication between the court and the jury;

3.    Failing to object, twice, to the court proceeding with the trial in Kiley's absence;

4.    Failing to request a mistrial due to Kiley's involuntary absence from the trial proceedings;

5.    Failing to submit evidence that would demonstrate Kiley was in the immediate vicinity;

6.    Failing to prepare for trial;

7.    Failed to call defense witnesses who would have provided testimony as to reasonable doubt as to Kiley's guilt;

8.    Failed to investigate facts of the case;

9.    Failed to submit evidence favorable to the defense; and,

10.    Failed to object to juror misconduct.[80]

As the State observes, although the general claim of ineffectiveness of trial counsel was advanced throughout the record, the particular examples given to support the claim have not been the same in each presentation of the claim, and the examples cited in one filing have not consistently been appealed after having been initially denied. The ten sub-claims will be discussed below, with a brief explanation of their history in the record.

i.    Failure to object to (a) hearsay testimony and (b) leading questions.

This claim was initially raised in the original direct appeal.[81] It was presented again as the first claim of the petition for post-conviction relief.[82] The claim was re-asserted, along with other sub-claims, in the first assignment of error in the appeal after re-sentencing and the initial denial of post-conviction relief.[83] It appears next as the second proposition of law in the appeal to the Ohio Supreme Court after the state appeals court affirmed the conviction but remanded the matter to the trial court for the purpose of ruling on the post-conviction motion.[84]

---

[80] ECF # 1 at 4.

[81] ECF # 8-11, at 669.

[82] ECF # 8-14, at 792.

[83] ECF # 8-21, at 845.

[84] ECF # 8-26, at 956.

In this regard, it is important to note that only the examples of failing to object to hearsay testimony and to leading questions were presented to the Ohio Supreme Court here. The other examples set out in the brief to the appeals court were not included in the appeal to the Supreme Court of Ohio. Thus, this sub-claim is exhausted for federal habeas purposes.

ii.    Failing to request an instruction to the jury regarding Kiley's absences;

iii.   Waiving Kiley's presence during substantive communications with the jury;

iv.    Failing to explain Kiley's absence to the trial court, failing to attempt to find Kiley, and failing to object to further case proceedings without Kiley's presence; and

v.     Waiving Kiley's presence during the jury's questions to the court.

These sub-claims first appear in the direct appeal from the initial denial of post-conviction relief.[85] But they are not part of the appeal to the Ohio Supreme Court after the appeals court decision.[86] The sub-claims resurface in a *pro se* motion by Kiley to amend his post-conviction petition.[87] Subsequent to the trial judge denying leave to amend, and then denying the post-conviction petition, Kiley did not raise any of these examples of ineffective assistance to the Supreme Court of Ohio in his appeal from the denial of his motion for reconsideration.[88]

As the State points out, not only did Kiley fail to bring forward to the Ohio Supreme Court at this juncture these additional examples of purported ineffective assistance, he could

---

[85] ECF # 8-21, 845.

[86] ECF # 8-26, at 956.

[87] ECF # 8-33, at 1033.

[88] ECF # 8-38, at 1104.

not have raised these claims in this appeal. Specifically, the appeal from the denial of the motion for reconsideration meant that only the judgment regarding reconsideration was properly at issue at that time, not the earlier appeals court judgment that had adjudicated the ineffective assistance claim dealing with failure to object to hearsay and to leading questions.

Thus, these additional examples of trial attorney ineffectiveness were never exhausted, and, because they cannot now be asserted in Ohio courts due to *res judicata*,[89] these sub-claims are procedurally defaulted.

vi.    Failure to properly investigate the facts of the case, call all witnesses, and object to juror misconduct

These sub-claims were first presented in Kiley's *pro se* motion to amend his petition for post-conviction relief.[90] But, unlike the situation described in the immediately preceding section, Kiley did assert these examples of purportedly ineffective assistance to the Ohio appeals court in his appeal from the denial of the post-conviction petition[91] and again to the Supreme Court of Ohio in his appeal from the appellate court's denial of the motion to reconsider.[92]

---

[89] Ohio's *res judicata* rule holds, *inter alia*, that a claim must be presented at the first opportunity to do so, or consideration of that claim will be barred at any subsequent proceeding. *Scuba v. Brigano*, 527 F.3d 479, 486-97 (6th Cir. 2007); *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967). This standard has long been recognized by the Sixth Circuit as providing an adequate and independent state law basis for procedural default in federal habeas matters. *Hanna v. Ishee*, 694 F.3d 596, 615 (6th Cir. 2012) (citations omitted).

[90] ECF # 8-33, at 1033.

[91] ECF # 8-38, at 1104.

[92] ECF # 8-45, at 1176.

But, as noted above, these claims could not properly be raised in the appeal from the denial of the motion for reconsideration. Moreover, Ohio Supreme Court Rule of Practice 7.01(A)(4)c precludes Kiley from now attempting to have these claims considered by the Ohio Supreme Court.[93]

Therefore, these sub-claims of ineffective assistance are also procedurally defaulted.

vii.    All other sub-claims

It appears after a review of the record that all the sub-claims asserted here in the federal habeas petition have been accounted for somewhere in the prior filings of the state court record and so determined to be either properly before this Court or procedurally defaulted. But that conclusion requires some construction by this Court of the claims often made by a *pro se* litigant, which is a process containing some risk.

While it may be possible to argue that some prior sub-claim has been overlooked or misconstrued, it cannot now be argued that any such sub-claim that may lie hidden in the record was ever fairly presented to the Ohio courts and so now properly exhausted and before this Court.

Accordingly, I recommend finding that only that portion of ground one which alleges ineffectiveness of trial counsel as to failure to object to hearsay testimony and to leading questions is now before the Court and that the balance of ground one is procedurally

---

[93] "(c) The provision for delayed appeal does not apply to appeals involving postconviction relief or appeals brought pursuant to App.R. 26(B). The Clerk shall refuse to file motions for delayed appeal involving postconviction relief or App.R. 26(B)."

defaulted and so should be dismissed. In that regard, Kiley has filed no traverse, and so asserted no cause and prejudice to excuse the default, nor has he shown actual innocence.

b.      *Ground three*

This claim of prosecutorial misconduct in ground three was raised initially in the direct appeal to the Ohio appeals court[94] but then was not presented to the Ohio Supreme Court in the appeal from the appellate decision. Kiley attempted to resurrect this claim in his petition for post-conviction relief[95] but then he neglected to include this claim in his appeal to the Ohio appeals court after the trial court denied the petition for post-conviction relief.

As noted earlier, *res judicata* would now preclude Kiley from bringing this claim to any Ohio court. As also noted above, Ohio's *res judicata* rule is recognized as an adequate and independent state law basis for a procedural default. Thus, I recommend finding that ground three is procedurally defaulted. Moreover, as discussed, Kiley has provided no basis – either cause and prejudice or actual innocence – to excuse the default.

Ground three should be dismissed as procedurally defaulted.

c.      *Ground four*

Kiley raised the argument on direct appeal to the Ohio appeals court that his convictions for rape and kidnapping were against the manifest weight of the evidence.[96] But, as he did concerning other claims, Kiley then did not present this argument to the Supreme

---

[94] ECF # 8-11, at 669.

[95] ECF # 8-14, at 792.

[96] ECF # 8-21, at 845.

Court of Ohio. As such, and for the reasons cited above, Kiley cannot now remedy this defect by seeking a delayed appeal on this question at the Ohio Supreme Court and so this claim is procedurally defaulted.[97] Moreover, as also discussed above, Ohio's *res judicata* rule provides an adequate and independent basis for a procedural default in the federal habeas court, and Kiley has not provided any recognized basis by which to excuse such a default.

Ground four should be dismissed as procedurally defaulted.

d.    *Ground five*

Here, Kiley claims that the trial court erred in denying his post-conviction petition without making findings of fact required under Ohio law. As the State observes, this claim was not presented to the Ohio appeals court in the appeal from the denial of the motion for reconsideration[98] nor in any other place. Thus, on this basis alone it is procedurally defaulted and should be dismissed, because, as noted, Kiley has given no basis to excuse his procedural defaults.

In addition, the State also notes that this claim is factually false, since the Ohio court did issue findings of fact and conclusions of law when it denied the amended post-conviction petition.[99] Moreover, the State again observes that even if this claim had been properly

---

[97] The State also notes that this claim raises only an issue of Ohio law that it not cognizable here. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983).

[98] *See*, ECF # 8-38, at 1104.

[99] ECF # 8-34, at 1068.

presented to the Ohio courts, it is non-cognizable in a federal habeas proceeding as a purely

state law claim arising out of a post-conviction matter.[100]

For these reasons, ground five should be dismissed as procedurally defaulted.

**D.**   **Application of standards – AEDPA review**

*1.*   *The portion of ground one alleging ineffective assistance of trial counsel as to a failure to object to hearsay and to leading questions should be denied on the merits because the state court decision on this claim was not an unreasonable application of the clearly established federal law of Strickland v. Washington.*[101]

The Ohio appeals court analyzed this claim in a portion of its decision that includes

within itself a recitation of the relevant standard of *Strickland*:

> { ¶ 2} Mr. Kiley's first assignment of error is that his trial lawyer was ineffective in violation of his constitutional rights. He has argued that his lawyer failed to object to a number of the prosecutor's leading and hearsay-eliciting questions, and that the cumulative effect of the errors deprived him of a fair trial.
>
> { ¶ 3} To establish that his lawyer was ineffective, Mr. Kiley "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 892 N.E.2d 864, 2008–Ohio3426, at ¶ 204 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus (1989)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.
>
> *2 { ¶ 4} Regarding the prosecutor's use of leading questions, in *State v. Jackson*, 92 Ohio St.3d 436, 449, 751 N.E.2d 946 (2001), the Ohio Supreme Court held that, because "it is within the trial court's discretion to allow

---

[100] *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

[101] *Strickland v. Washington*, 466 U.S. 668 (1984).

leading questions[,] ... the failure to object to any leading questions [does not] constitute[ ] ineffective assistance of counsel." Accordingly, Mr. Kiley's lawyer was not ineffective for not objecting to the prosecutor's leading questions. *State v. Fisher*, 9th Dist. No. 24116, 2009–Ohio–332, at ¶ 25.

{ ¶ 5} Regarding the prosecutor's hearsay-eliciting questions, Mr. Kiley has argued that his lawyer should have objected to questions the prosecutor asked a sheriff's deputy about what he learned during the course of his investigation. The prosecutor asked: "Deputy, did you learn during the course of your investigation that there was a struggle between [Mr. Kiley] and [Y.P.]?" The deputy responded "[y]es, sir." The prosecutor then asked: "Did you learn in the course of your investigation that the Defendant hit and choked [Y.P.]?" The deputy responded "[a]bsolutely. That is what she advised." The prosecutor later asked the deputy if he had learned through the course of his investigation that Mr. Kiley had raped Y.P. The deputy answered "[y]es."[102]

Here, the decision of the trial court was first that no ineffectiveness is present when an attorney fails to object to leading questions, because trial courts have broad discretion to allow such questions. Next, the court concluded that no hearsay was present in the deputy's testimony because the officer did not relate any statement made to him, and further concluded that even if the testimony could be deemed hearsay, the exact same testimony was in the record as made by the victim, so Kiley could not show that there was any prejudice to him from the deputy's testimony or defense counsel's failure to object to that testimony.

As such, the Ohio appeals court decision was not an unreasonable application of the clearly established federal law. The relevant portion of ground one properly before this Court should be denied.

---

[102] ECF # 8 at 1-2.

**2.  *Ground two – alleging prejudice from Kiley's absence for part of the trial – should be denied because the Ohio court's decision in this regard was not an unreasonable application of clearly established federal law.***

The state appeals court denied this claim, stating in relevant part:

{ ¶ 11} Mr. Kiley's second assignment of error is that the trial court incorrectly denied him the right to be present during all stages of his trial. He has argued that the court incorrectly answered a question that the jury asked during its deliberations without him being present in the courtroom.

{ ¶ 12} "An accused has a fundamental right to be present at all critical stages of his criminal trial." *State v. Hale*, 119 Ohio St.3d 118, 892 N.E.2d 864, 2008–Ohio–3426, at ¶ 100. "However, 'the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' " Id. (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107–08, 54 S.Ct. 330, 78 L.Ed. 674 (1934), overruled on other grounds by *Malloy v. Hogan*, 378 U.S. 1, 17, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964)). "The question is whether his presence has a 'reasonably substantial' relationship to 'the fullness of his opportunity to defend against the charge.' " *Id.* (quoting *Snyder*, 291 U.S. at 105–06).

{ ¶ 13} "[T]he oral delivery of jury instructions in open court is a critical stage of trial[.]" *State v. Campbell*, 90 Ohio St.3d 320, 346, 738 N.E.2d 1178 (2000). If the jury returns to the courtroom to ask a question about those instructions, however, a defense lawyer may waive his client's presence. *State v. Frazier*, 115 Ohio St.3d 139, 873 N.E.2d 1263, 2007–Ohio–5048, at ¶ 148. Moreover, Mr. Kiley has "failed to allege how he was prejudiced by his absence ... or how his presence had a reasonably substantial relation to his opportunity to fully defend against the charges." *State v. Nguyen*, 9th Dist. No. 22883, 2006–Ohio–5065, at ¶ 9. Mr. Kiley has not demonstrated that there was any testimony or other evidence presented in his absence. *See State v. Hale*, 119 Ohio St.3d 118, 892 N.E.2d 864, 2008–Ohio–3426, at ¶ 103 (concluding that defendant's absence from part of proceeding was not prejudicial). Mr. Kiley's second assignment of error is overruled.[103]

A defendant has a constitutional right to "be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of

---

[103] ECF # 8-1, at 2-3.

the procedure."[104] This right, however, "is not absolute, but exists only when 'his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge."[105] "In other words, the defendant's presence is not guaranteed when it would be 'useless,' but only 'to the extent that a fair and just hearing would be thwarted by his absence."[106]

The Ohio court of appeals decision as to this ground does not constitute an unreasonable application of clearly established federal law. This ground should be denied.

## Conclusion

For the foregoing reasons, the *pro* se petition of Thomas E. Kiley for a writ of habeas corpus under 28 U.S.C § 2254 should be dismissed in part and denied in part as is more fully set forth above.


Dated: March 31, 2015                         s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[104] *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *Rushen v. Spain*, 464 U.S. 114, 117 (1983) ("the right to personal presence at all critical stages of the trial ... [is a] fundamental right [ ] of each criminal defendant.").

[105] *United States v. Henderson*, 626 F.3d 326, 343 (6th Cir. 2010) (internal citations omitted).

[106] *Id.*

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[107]

---

[107] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).